## STEINMAN a. CLARK.

*New York Common Pleas; Special Term, April,* 1859.

PLEADING.—ANSWER OF JUSTIFICATION OF SLANDER.

An answer to a complaint for slander, which shows that defendant was informed
and believes the charges were true ; that the offences charged were in fact
committed, and, as defendant believes, by the plaintiff; and disavowing malice
in making the charges,—is sufficient, as a justification.

Motion to strike out a defence, or make it more definite and
certain.

The complaint was for slander. The words alleged to have
been uttered by defendant were specific charges, of having com-
mitted thefts from the defendant of various articles of property
mentioned, and of practising prostitution, specifying instances of
illicit intercourse.

The third defence in the answer was as follows : "That the de-
fendant had had taken and stolen from her each and every article
in the complaint mentioned as having been charged by defend-
ant to have been stolen by the plaintiff; and the defendant is
informed and believes that the plaintiff has been and is guilty
of each and every charge in said complaint alleged to have
been made against her by the defendant; and that whatever the
defendant has said of or concerning the plaintiff, she has said
in the full belief of its truth and verity, and in self-vindication
and warning to others, and not from any motives of malice
towards the plaintiff."

This defence plaintiff now moved be stricken out as irrelevant
and redundant, or be made more definite and certain.

*Clegg & Semler,* for the motion, urged that the allegations
were not sufficient as a justification, citing Ormsby a. Douglass
(2 *Abbotts' Pr. R.,* 407); Sayles a. Wooden (6 *How. Pr. R.,* 84);
Jaydock a. Ayres (7 *Ib.,* 215); Bush a. Prosser (13 *Barb.,* 221);
*Van Santv. Pl.,* 484.

*Chatfield, Hadley & Briggs,* opposed.

HILTON, J.—The matter complained of in the answer cannot be considered either irrelevant or redundant.

It is asserted by the defendant, in brief, that what she did say of the plaintiff was not from any malicious motives, but because she has been informed and believes that every charge contained in the complaint, alleged to be slanderous and uttered by the defendant, is true. That she had the property in the complaint referred to, that it was stolen from her, and she believes it was stolen by the plaintiff.

This would seem to be sufficiently definite to enable the plaintiff to understand the precise nature of the defence relied upon.

It contains what may be considered a justification of the alleged slander, with mitigating circumstances tending to disprove malice, and although the plaintiff may desire more particularity, yet I do not understand how she can be gratified. Certainly, it will be a sufficient defence if the defendant proves a justification as full and as broad as the charge; and if she should fail in so doing, under the decisions in Bush *a.* Prosser (1 *Kern.,* 347), and Bisbey *a.* Shaw (2 *Ib.,* 67), the evidence offered for the purpose may be relied on to disprove malice. The answer seems to me sufficiently definite and certain to permit defences of the kind suggested, and is not open to the plaintiff's objection. (*Code,* § 160.)

Motion denied, with $10 costs to defendant to abide event.